UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

EMILY LONG,  Case No. 18-cv-688

          Plaintiff,

vs.

BERGSTROM VICTORY
LANE, INC.
          Defendant.

## COMPLAINT

NOW COMES, Plaintiff Emily Long, by and through her attorney, Nathan DeLadurantey of DeLadurantey Law Office, LLC and complains of Defendant Bergstrom Victory Lane, Inc. and alleges to the best of her knowledge, information and belief formed after an inquiry reasonable under the circumstances, the following:

### INTRODUCTION

### Nature of the Action

1. This lawsuit arises from illegal credit reporting and collection attempts.

2. Causes of Action herein are brought under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA"), the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., the Wisconsin Consumer Act, Wis. Stat. § 421 *et seq*, and Wis. Stat. 995.50.

### Jurisdiction and Venue

3. This Court has jurisdiction over the claims arising under the FCRA under 28 U.S.C. § 1331, because this case arises under the laws of the United States.

4. This Court also has jurisdiction under 15 U.S.C. § 1681(p) as it is an action to enforce liability created by the FCRA within two years from the date on which the violation occurred.

5. This Court has supplemental jurisdiction over the claims arising under Wisconsin law under 28 U.S.C. § 1367, because those claims are related to the FDCPA claims as they arise under the same set of facts. Thus they are part of the same case or controversy under Article III of the United States Constitution.

6. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b)(1), because this is where the defendants reside. Under 28 U.S.C. § 1391(c), a defendant corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction.

## Parties

7. Plaintiff Emily Long (hereinafter "Ms. Long") is a natural person who resides in the County of Calumet, State of Wisconsin.

8. Defendant Bergstrom Victory Lane, Inc. (hereinafter "Defendant Bergstrom") is a domestic corporation with a registered agent of John J. Hogerty, II, 1 Neenah Center, Suite 700, Neehan, WI 54956-3053, with a principal office of 2986 N. Victory Lane, Appleton, WI 54913-7987.

9. Defendant Bergstrom Victory Lane, Inc. is a furnisher of credit information under the FCRA.

## Factual Allegations

10. In 2018, Ms. Long had been pre-qualified by Capital One Auto Finance to purchase a vehicle.

11. She took this pre-qualification into Defendant Bergstrom, and selected a vehicle to purchase.

12. Ms. Long provided the employee/agent of Defendant Bergstrom with a copy of her pre-qualification letter.

13. Ms. Long instructed the employee/agent that he was not to run her credit with any other finance company, other than Capital One Auto Finance.

14. The agent/employee agreed not to run Ms. Long's credit with any other entity, other than Capital One Auto Finance.

15. Ms. Long checked her credit report and learned that Defendant Bergstrom had in fact submitted her credit application and report to a variety of companies other than Capital One Auto Finance.

16. The actions of Defendant Bergstrom in submitting her application and credit to other entities was done with intentional disregard to the authority given to Defendant Bergstrom by Ms. Long in connection with her credit report – and with intentional disregard to the promises of Defendant Bergstrom.

## Count 5 – Violations of the Fair Credit Reporting Act

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. Defendant Bergstrom violated 15 U.S.C. § 1681b(f) by failing to have a permissible purpose as defined by 15 U.S.C. § 1681(b)(a) when it obtained a copy of Plaintiff's credit report and used it to attempt to procure financing by anyone other than Capital One Auto Finance.

19. As a result of Defendant WWR's impermissible request of the credit report, the Plaintiff has suffered emotional distress constituting actual damages pursuant to 15 U.S.C. §§ 1681o(a)(1).

20. Because Defendant Bergstrom's action of pulling the report was done in express contradiction to their promise and agreement not to pull Ms. Long's credit in this manner, the action was willful, entitling Plaintiff to statutory and punitive damages pursuant to 15 U.S.C. § 1681n(a).

21. Plaintiff is also entitled to attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2).

## Count 6 – Invasion of Privacy

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. Plaintiff has a right of privacy in Wisconsin as recognized in Wis. Stat. § 995.50.

24. Defendant Bergstrom invaded the private credit records of Ms. Long by obtaining a copy of her credit report and sending it to entities when they were prohibited from doing so.

25. Defendant Bergstrom's conduct unreasonably invaded Ms. Long's right to privacy and caused her damages including emotional distress.

26. Ms. Long is entitled to equitable relief to prevent and restrain further invasion, compensatory damages, and a reasonable amount of attorney's fees pursuant to Wis. Stat. § 995.50.

## Trial by Jury

27. Plaintiff is entitled to, and hereby respectfully demands a trial by jury on all issues so triable.

WHEREFORE, Ms. Long prays that this Court will enter an Order:

A. For an award of actual damages pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1682o(a)(1) against all Defendants;

B. Statutory and punitive damages pursuant to 15 U.S.C. § 1681n(a) against all Defendants;

C. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2) against all Defendants;

D. Equitable relief to prevent and restrain further invasion, compensatory damages, and reasonable attorney's fees pursuant to Wis. Stat. § 995.50; and

E. For such other and further relief as may be just and proper.

Dated this 2nd day of May, 2018

/s/ Nathan DeLadurantey
Nathan E. DeLadurantey, 1063937
DELADURANTEY LAW OFFICE, LLC
330 S. Executive Drive., Suite 109
Brookfield, WI 53005
Phone and Fax: (414) 377-0515
E: nathan@dela-law.com

*Attorney for the Plaintiff*

## VERIFICATION OF COMPLAINT AND CERTIFICATION

Plaintiff Emily Long, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_Emily Long_
Emily Long