# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

EMILY LONG,

        Plaintiff,

v.                                           Case No. 18-C-688

BERGSTROM VICTORY LANE, INC.,

        Defendant.

## DECISION AND ORDER

Plaintiff Emily Long filed this action against Bergstrom Victory Lane Inc. alleging violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.*; the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*; the Wisconsin Consumer Act, Wis. Stat. § 421 *et seq.*, and Wis. Stat. § 995.50. Bergstrom moved to dismiss the complaint on May 31, 2018. Rather than file a response to the motion, Long moved for leave to file a second amended complaint to correctly identify Victory Lane Imports, Inc. as the proper defendant in this case. The court granted the motion on June 5, 2018. The second amended complaint asserts that Victory Lane violated the FCRA and Wis. Stat. § 995.50. Arising under federal law, the FCRA claim provides this court with jurisdiction under 28 U.S.C. § 1331. The court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

Currently pending before the court is Bergstrom's motion to dismiss as well as Victory Lane's motion to dismiss Long's second amended complaint. The court finds that Long's second amended complaint moots the first motion to dismiss. For the following reasons, Victory Lane's motion to dismiss will be granted and the case dismissed.

**BACKGROUND**

In 2018, Long had been pre-qualified by Capital One Auto Finance to purchase a vehicle. She went to Victory Lane to purchase a vehicle and provided a Victory Lane employee with a copy of her Capital One Auto Finance pre-qualification letter. She instructed the employee that he could only run her credit with Capital One Auto Finance and was not to run her credit with any other entity. Long later checked her credit report and learned that Victory Lane had submitted her credit application and report to a number of companies, including Capital One Auto Finance. Long claims that Victory Lane submitted her application and credit to other entities with intentional disregard to the authority she gave it to only supply her credit application to Capital One Auto Finance. She asserts that she has suffered emotional distress as a result of Victory Lane's conduct.

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Rule 8(a)(2) mandates that a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that a complaint must contain factual allegations that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a plaintiff is not required to plead detailed factual allegations, he or she must plead "more than labels and conclusions." *Id.* A simple, "formulaic recitation of the elements of a cause of action will not do." *Id.* In evaluating a motion to dismiss, the court must view the plaintiff's factual allegations and any inferences reasonably drawn from them in a light most favorable to the plaintiff. *Yasak v. Retirement Bd. of the Policemen's Annuity & Benefit Fund of Chi.*, 357 F.3d 677, 678 (7th Cir. 2004).

**ANALYSIS**

The purpose of the FCRA "is to ensure 'that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.'" *Stergiopoulos & Castro v. First Midwest Bancorp, Inc.*, 427 F.3d 1043, 1046 (7th Cir. 2005) (quoting 15 U.S.C. § 1681(b)). It imposes civil liability upon a person who willfully obtains a consumer report for a purpose that is not authorized by the Act. 15 U.S.C. § 1681b(f)(1) ("A person shall not use or obtain a consumer report for any purpose unless . . . the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section.").

Long asserts Victory Lane acted with an impermissible purpose when it obtained her consumer credit report. Victory Lane asserts it did act with a permissible purpose under the statute to procure financing for her. Pursuant to the FCRA, a consumer report can be furnished when a person "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." § 1681b(a)(3)(A). Long's impermissible purpose claim rests on the fact that Victory Lane submitted her credit application to a number of financial institutions, even though she told an employee of Victory Lane not to run her credit with any other company than Capital One Auto Finance and the employee agreed not to. However, "[u]nder the FRCA, a business does not require the consent of the potential customer, so long as it has a statutorily defined 'permissible purpose.'" *Santangelo v. Comcast Corp.*, No. 15-cv-0293, 2015 WL 3421156, at *4 (N.D. Ill. May 28, 2015); *Minter v. AAA Cook Cty. Consolidation, Inc.*, No. 02 C

3

8698, 2004 WL 1630781, at *4 (N.D. Ill. July 19, 2004) (noting that in determining whether a consumer report was obtained for a permissible purpose, § 1681b "should be broadly construed" (citing *Ippolito v. WNS*, 864 F.2d 440, 451 n.11 (7th Cir. 1988))); *Sterglopoulous*, 427 F.3d at 1047. Section 1681b(a)(3)(A) gave Victory Lane the authority to search out lenders for Long so that she could obtain financing for a vehicle—a statutorily-defined permissible purpose. Despite her objection, when she sought to buy a vehicle from Victory Lane, and agreed to let them use her consumer report to obtain financing, this qualified as a permissible purpose under the statute. Long has therefore failed to state a claim under the FCRA upon which relief can be granted, and this claim will be dismissed.

Long has also alleged a state law invasion of privacy claim. Generally, when federal claims drop out of a case, federal courts decline to exercise supplemental jurisdiction over state law claims. 28 U.S.C. § 1367(c)(3); *see Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."). The Seventh Circuit has described a "sensible presumption that if the federal claims drop out *before trial*, the district court should relinquish jurisdiction over the state-law claims." *Williams Elecs. Games, Inc. v. Garrity*, 479 F.3d 904, 907 (7th Cir. 2007); *see also Groce v. Eli Lilly & Co.*, 193 F.3d 496, 502 (7th Cir. 1999) (noting that the rule is dismissal unless state claims are frivolous or a "no brainer"). Nothing in this case suggests that the presumption should be ignored. Accordingly, Long's state law claim against Victory Lane will be dismissed without prejudice so that it may be pursued in a state forum.

## CONCLUSION

Accordingly, Bergstrom's motion to dismiss (ECF No. 5) is **DENIED as moot** and Victory Lane's motion to dismiss (ECF No. 13) is **GRANTED** with respect to the federal claims, and such

4

claims are **DISMISSED**.  Long's state law claims are dismissed without prejudice.  The Clerk is directed to enter judgment accordingly.

**SO ORDERED**  this  4th   day of October, 2018.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
